

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IGENTRY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 CV 04183 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| ARCHER DANIELS MIDLAND COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Igentry Wilson ("Wilson"), filed a Complaint against the Defendant, Archer Daniels Midland Company ("ADM"), alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Presently before the Court is ADM's Motion to Dismiss for failure to state a claim upon which relief may be granted and for failure to file in the proper venue. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are alleged in Wilson's Amended Complaint. Wilson alleges ADM terminated her employment, failed to promote her, subjected her to unequal terms and conditions of employment, and retaliated against her. (Complaint, ¶ 5(a)-(d).)

Wilson began working for ADM in 2005. (Complaint, ¶ 6(a).) She is an African-American. (Complaint, ¶ 6(b).) Wilson filed a complaint against ADM for discrimination in 2005. (Complaint, ¶ 6(c).) Following the filing of the complaint, Wilson alleges her supervisor "questioned one of [Wilson's] co-workers regarding her knowledge of that incident and,

1

thereafter, [the supervisor] began to harass [Wilson] regarding that issue." (Complaint, ¶ 6(d).) This harassment involved removing her work breaks and "ordering her off the phone during a break." (Complaint, ¶ 6(d).) Wilson also alleges that she and another, non-African-American, employee both engaged in the "same action," but only she was reprimanded regarding the action. (Complaint, ¶ 6(e).)

Wilson was not promoted. (Complaint, ¶ 6(f).) She alleges she was involved in an accident six years prior to her employment at ADM and "was on medication that caused [her] to miss some days at work." (Complaint, ¶ 6(f).) She also alleges that she received and viewed discriminatory emails that included racial slurs. (Complaint, ¶ 6(g).) Wilson was terminated for "insubordination and alleged misconduct." (Complaint, ¶ 6(h).)

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544).

2

## ANALYSIS

ADM argues for dismissal on three grounds: (1) failure to state a claim upon which relief may be granted, (2) improper venue, and (3) *forum non conveniens*.

### *Failure to State a Claim Upon Which Relief May be Granted*

ADM first argues that this Court should dismiss the Complaint because Wilson did not state sufficient facts to show that she has a viable employment discrimination claim against ADM under both the ADA and Title VII. Wilson alleges: (1) discrimination in employment based on race and disability, (2) failure to promote based on race and disability, (3) retaliatory action against her, and (4) creation of unfair working conditions. ADM contends that Wilson's claims are insufficiently pled because she has not provided sufficient facts but, instead, makes conclusory allegations. ADM argues that Wilson did not provide factual grounds upon which her claims rest and fails to give ADM adequate notice of her claims. ADM supports its argument with *Bell Atlantic*, 550 U.S. 554, and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("*Iqbal*"). Both cases hold that more is required in a complaint than just recitals of the elements of a cause of action and conclusory statements. *Bell Atlantic*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949.

Regarding the medical disability discrimination claim, ADM argues that Wilson is required to allege that she was a qualified individual with a disability and suffered an adverse employment decision because of that disability. Wilson's Amended Complaint includes some details regarding her previous injury and the resulting surgery, which required pins being inserted into her shoulder. (Complaint, ¶ 6(f).) However, ADM asserts Wilson's Amended Complaint contains no facts about Plaintiff's medical condition, when or how she was substantially limited in any major life activity, what the alleged promotion was, whether she was

3

qualified for the position, whether she properly sought the position, when the decision was made, any facts that would suggest the decision was made based upon an alleged actual disability, record of disability, or a perception of a disability, who got the position and whether or not that individual was disabled, or any reason as to why the stated reason for the employment decision somehow constituted a pretext for unlawful employment discrimination.

As to her race claim, she alleges that she received insulting emails. (Complaint, ¶ 6(g).) She alleges she received a reprimand for conduct when a non-African American person did not receive a reprimand for engaging in the same conduct. (Complaint, ¶ 6(e).) Wilson also states that she was wrongfully terminated for insubordination and alleged misconduct. (Complaint, ¶ 6(h).) Again, ADM contends further allegations are required to state a claim. Wilson does not state when her employment was terminated, by whom, or how the decision was "wrongful." ADM alleges that she did not make the required allegation that the decision was made based upon her race or disability and that the reason for her termination was pretextual.

ADM contends additional information is required to state a sufficient claim that Wilson was subjected to unfair working conditions. ADM contends the Amended Complaint does not identify what constituted a reprimand, what action was involved, who made the decision, who the purported comparator is, when the alleged reprimand occurred, or whether the alleged reprimand had any tangible employment consequence to Wilson.

As to her retaliation claim, Wilson alleges that her paid work breaks were removed and she was ordered to get off of the phone during a break. (Complaint, ¶ 6(d).) However, ADM contends Wilson did not plead any details related to when any of these actions occurred; thus, the Amended Complaint does not support a conclusion that the actions were in retaliation to a prior lawsuit.

4

Similarly, ADM contends that Wilson has not provided any specific allegations to support conduct that would allow the Court to conclude that she has a plausible cause of action for discrimination "with respect to [her] sex (or sexual harassment)." (Complaint, ¶ 4.)

In her response, Wilson does not dispute ADM's arguments that she has failed to allege sufficient details to support plausible discrimination claims predicated on sex, race, or disability against ADM. Instead, Wilson argues that the alleged defects in her Complaint are pleading defects and can be cured by filing an amended complaint.

The Federal Rule of Civil Procedure 15(a) states as follows:

(a) Amendments Before Trial.
(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
    (A) before being served with a responsive pleading; or
    (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

*Id.* Wilson filed her first Complaint on July 11, 2009, and she amended her Complaint on July 13, 2009. The only difference between the original and the Amended Complaint is that the Amended Complaint included a signature that the first Complaint was lacking. There were no substantive changes to the Complaint, and no facts were added. This was in accordance with Fed. R. Civ. P. 15 because Wilson had not been served with a responsive pleading.

Wilson now requests that she be allowed to amend her Complaint for the second time to eliminate the defects stated by ADM. The Seventh Circuit has held that "an order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right." *Crestview Vill. Apartments v. United States HUD*, 383 F.3d 552, 557 (7th Cir. 2004). However, regarding other amendments, the court may give leave and "should freely give leave

5

when justice so requires." Fed. R. Civ. P. 15. The Amended Complaint was submitted only to alleviate a clerical error, and no substantive changes were made. Therefore, Wilson is granted leave to file a second Amended Complaint.

*Venue*

ADM argues that venue is improper in this district, and the case should be dismissed pursuant to Rule 12(b)(3). ADM also argues, in its reply, the case should be dismissed on the basis of *forum non conveniens*.

28 U.S.C. § 1391 states in relevant part:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

*Id.* In her Amended Complaint, Wilson contends that she was employed by ADM. (Complaint, ¶ 6(a).) In her response to ADM's motion to dismiss, she alleges that ADM headquarters are in Decatur, Illinois (which is in the Central District of Illinois). She also alleges that ADM is a multi-national corporation and maintains offices around the country and world. She alleges ADM does business in this district, including employing people in Cook County. Further, she alleges that ADM's registered agent is in Chicago. ADM does not dispute Wilson's allegations but argues that because Wilson's employment records are in Decatur, Illinois, and possible witnesses would probably be in Decatur, the Central District of Illinois is the appropriate venue for this suit. However, ADM has not shown that venue is improper under 28 U.S.C. § 1391.

Furthermore, plaintiff's choice of forum is given considerable weight. *Plotkin v. IP Axess, Inc.*, 168 F.Supp.2d 899, 902 (N.D.Ill. 2001). ADM's motion to dismiss on the ground of improper venue, therefore, is denied.

*Forum Non Conveniens*

Pursuant to the doctrine of *forum non conveniens*, a court may dismiss a case if: (1) an alternative forum is available; and (2) dismissal would serve the interests of justice, despite proper subject-matter and personal jurisdiction in the present court. *Hyatt*, 302 F.3d at 717; *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997). It would not serve the interests of justice to dismiss this case.

## CONCLUSION

For the foregoing reasons, ADM's Motion to Dismiss is granted for failure to state a claim. However, Plaintiff is given leave to file an Amended Complaint within thirty days of the date of this Order, if she can do so consistent with Rule 11.

Date: October 21, 2009

JOHN W. DARRAH
United States District Court Judge

7