UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGENTRY WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-cv-4183 |
| v. ) | |
| ) | Judge John W. Darrah |
| ARCHER DANIELS MIDLAND ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Igentry Wilson brought this action against her former employer, Archer Daniels Midland Company ("ADM"), alleging that she was subjected to a hostile work environment and adverse employment actions on account of her race, her disability, and her act of engaging in protected activity. ADM moved for summary judgment on all claims.

On June 8, 2011, the Court granted ADM's motion for summary judgment in its entirety. *See Wilson v. Archer Daniels Midland Co.*, No. 09-cv-4183, 2011 WL 2420259 (N.D. Ill. June 8, 2011 ("*Wilson I*"). The Court specifically stated that it relied on facts taken from the parties' Local Rule 56.1 submissions and further explained that many of Wilson's assertions were disregarded for failure to comply with the Local Rules:

> A litigant's failure to dispute the facts set forth in its opponent's statement in the manner required by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Many of Wilson's responses to ADM's statements were missing, incomplete, or lacking in evidentiary support.

> Accordingly, many of ADM's statements are deemed admitted, including those specifically discussed below.

*Wilson I,* 2011 WL 2420259, at *1 n.1.

On July 6, 2011, Wilson filed "Plaintiff's Motion Asking the Court to Reconsider Its June 8, 2011 Order Granting the Defendant's Motion for Summary Judgment." She makes two principal arguments: (1) that the Court failed to recognize that a grant of summary judgment in an employment-discrimination case should be a rare event and (2) that the Court improperly limited its examination of the evidence she submitted.

## LEGAL STANDARD

As Wilson notes in her Motion, "A motion to reconsider is available to correct manifest errors of law and fact or to present newly discovered evidence." *Worlds v. Nat'l RR Passenger Corp.,* No. 90 C 0643, 1990 WL 84519, at *1 (N.D. Ill. June 14, 1990) (citing *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985)). Such motions are proper where the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

## ANALYSIS

Here, Wilson fails to present any justifiable reason to reconsider the grant of ADM's Motion for Summary Judgment. Wilson asserts that the Court "overlooked" reasons for "treading lightly" with a motion for summary judgment in an employment-discrimination case and failed to "take into account the overall feeling among the United States District Courts" that a grant of summary judgment should be a "rare event."

2

(Mot. to Reconsider 3-4.) However, she sets forth nothing to demonstrate any misapprehension of the law. Wilson supports her assertion that summary judgment is a rare event by citing to a number of cases. Several of those cases are at least fifteen years old, and only one is from a court within this circuit. In reality, there are many cases in which the Seventh Circuit has affirmed summary judgments in favor of employers in discrimination cases. *See, e.g.*, *Threatt v. Donovan*, 380 Fed. Appx. 544 (7th Cir. 2010); *Tai v. Shinseki*, No. 08-2538, 2009 WL 1220789 (7th Cir. May 5, 2009); *De la Rama v. Ill. Dep't of Human Servs.*, 541 F.3d 681 (7th Cir. 2008); *Mlynczak v. Bodman*, 442 F.3d 1050 (7th Cir. 2006); *Hudson v. Chi. Transit Auth.*, 375 F.3d 552 (7th Cir. 2004). Moreover, Wilson does not assert that any particular law or legal standard was misapplied in her case.

Indeed, even if summary judgment is rare in employment-discrimination cases, Wilson's misguided assertion that her evidence was improperly ignored demonstrates why this may be one of those rare cases. Wilson asserts that the Court did not give adequate consideration of the evidence she submitted in opposition to ADM's Motion for Summary Judgment, essentially arguing that her failure to comply with the Local Rules of this district should be excused.

As explained in *Wilson I* – and noted above – many of Wilson's responses to ADM's statements of facts were deficient. Consequently, many of ADM's asserted facts were deemed admitted. In many instances, Wilson admitted ADM's factual assertions. (*See, e.g.*, Pl. Resp. to Def. 56.1(a) ¶¶ 1-12.) In others, she denied ADM's supported factual assertions and cited to "Ex. ___" – her submission actually included a blank in

place of an exhibit designation. (*See, e.g., id.* ¶¶ 15, 28, 35, 37, 50, 53, 65, 78.) Other responses did not reflect even an *attempt* to cite to any evidence. (*See, e.g., id.* ¶ 33 ("Plaintiff admits only the narrative described above but denies the substance of the statement."); ¶ 64 ("Plaintiff admits that Reed had the right to change her schedule and to set her breaks, but not for the purposes of retaliation.").) In at least one instance, Wilson's response was blank. (*See id.* ¶ 66.) Whether Wilson expressly admits a fact, responds without a citation to relevant evidence, or fails to respond completely, the result is the same: those facts are deemed admitted. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

In her Motion to Reconsider, Wilson does not identify any factual assertions or denials that were properly set forth in her Local Rule 56.1 materials, that were ignored by the Court, and that would have affected the resolution of ADM's Motion for Summary Judgment. Instead, she asserts, "What the court failed to do, however, was to closely examine the materials that the Plaintiff did supply; if it did, it would have found that the Plaintiff presented to the court a wealth of evidence that would have assisted the court in determining that there are numerous genuine issues of material fact that exist in the case." (Mot. to Reconsider 2.) If Wilson possessed a "wealth of evidence" sufficient to defeat ADM's Motion for Summary Judgment, it was the responsibility of Wilson and her attorney to present that information to the Court in an orderly manner as dictated by Local Rule 56.1. District courts are entitled to demand strict compliance with the local rules. *See, e.g., Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359-60 (7th Cir. 2009).

4

They "are not obliged in our adversary system to scour the record looking for factual disputes." *Waldridge v. Am. Hoescht Corp.*, 24 F.3d 918, 922 (7th Cir. 1994).

In *Malec v. Sanford*, 191 F.R.D. 581 (N.D. Ill. 2000), Judge Castillo explained the purpose and application of Local Rule 56.1 in some detail. Among the instructions provided in that opinion are the following:

- "Factual allegations not properly supported by citation to the record are nullities." *Id.* at 583.

- "[S]upporting documents submitted with a motion that are not referred to in the statement of facts will be ignored." *Id.*

- "Essentially, the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted." *Id.* at 584.

- "[A] general denial is insufficient to rebut a movant's factual allegations; the nonmovant must cite specific evidentiary materials justifying the denial." *Id.*

- "Simply providing additional facts in one's responsive memorandum is insufficient to put those facts before the Court." *Id.* (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995).

That advice would be well heeded by Wilson, as her summary-judgment submissions were deficient in a number of respects. Her assertion that the Court should have disregarded the orderly constraints of Local Rule 56.1 and instead perused her declaration, deposition transcripts, and exhibits in search of reasons to deny ADM's Motion for Summary Judgment and relied on the factual assertions in her briefs (to which ADM could not respond in the manner contemplated by Local Rule 56.1) is unpersuasive. A motion for reconsideration is not a vehicle for a party "to undo its own

procedural failures." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (citation and internal quotation marks omitted). Wilson's Motion is denied.

## CONCLUSION

For the reasons discussed above, Wilson's Motion Asking the Court to Reconsider Its June 8, 2011 Order Granting the Defendant's Motion for Summary Judgment is denied.

Date: September 13, 2011

JOHN W. DARRAH
United States District Court Judge